### No. 7385.

### FEE ET AL. *v.* THE STATE, EX REL. PLEASANT.

APPEARANCE.— *Practice.* —*Service.*— *Record.*—Where the record shows neither a return of service of summons on a defendant, nor any appearance on his behalf, the entry, "come again the parties by their counsel," etc., is not binding upon him.

JUDGMENT.—*Default.*—*Record of Service and Return.*—*Appeal.*—Judgment by default can not be affirmed on appeal, unless the record contains a transcript of the summons, and the return of due service thereof; an express recital in the record, that there was proof of the issue and due service of process, is not sufficient.

PLEADING.— *Guardian's Additional Bond.*—*Defects Cured.*—A complaint on a guardian's bond averred that it was given as an additional bond for the sale of real estate, but the bond merely recited that, "If the above bound" defendant, "who is guardian of the person and property of" certain wards, "minor heirs of," etc., "then the above obligation is to be void, else to remain in full force."

*Held*, on demurrer, that the complaint sufficiently shows that it was given as an additional bond, and that, under section 790 of the code, it was a good bond for that purpose.

*Held*, also, that, where defects of form and recital appear on the face of a bond, a more particular suggestion of such defects is unnecessary.

SAME.—*Pleading.*—*Sureties.*—*Identity of Names and Persons.*—In such action, where the only averment of the execution of the bond is, that the guardian "executed his bond," and the only showing that the sureties joined in its execution is, that the names recited in the copy of the bond filed with the complaint are identical with the names of the defendants, and the names subscribed thereto either identical, or differing only in that the christian names are not given in full but abbreviated or by initials, such complaint is insufficient as against such sureties.

SAME.—*General Denial.*—*Proof.*—Under plea of general denial, the guardian in such action could prove that he had "fully performed all the conditions of said bond according to the tenor and legal effect thereof."

Fee *et al. v.* The State, *ex rel.* Pleasant.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers*, for appellants.
*J. W. Buskirk* and *H. C. Duncan*, for appellee.

Woods, J.—Suit by the appellee against William O. Fee, James Small, William H. Turner and Edwin Bullard, upon a bond, of which the following is a copy:

"We, Edwin Bullard, James Small, William O. Fee and William H. Turner, are bound unto the State of Indiana, in the sum of five thousand dollars, for the payment of which we bind ourselves jointly and severally, firmly by these presents. Sealed and dated this 6th day of December, 1865. If the above bound Edwin Bullard, who is guardian of the person and property of Martha E., John F. and Zachariah T. Pleasant, minor heirs of John and Nancy Pleasant, deceased, then the above obligation is to be void, else to remain in full force.

| | |
|---|---|
| 50 cts. U. S. Rev. Stp | (Signed) "Edwin Bullard, [L. s.] "James Small, [L. s.] "Wm. O. Fee, [L. s.] "W. H. Turner. [L. s.] |

The complaint charges that said Bullard had been appointed guardian of the relator, and as such had "procured an order of the Monroe Court of Common Pleas to sell certain real estate belonging to the said relator and other minor heirs of John Pleasant, deceased, and thereupon executed his bond in the penal sum of five thousand dollars, conditioned for the faithful discharge of the duties of said trust, and to faithfully account for the proceeds of said sale;" and that, of the proceeds of the sale made under said order, the said guardian had converted three thousand dollars to his own use, and had failed to account therefor to the relator, who had become of lawful age. A copy of the bond was filed with and made a part of the complaint.

The appellants Fee and Small have assigned as error the

overruling of their demurrer to the complaint, for want of facts stated sufficient to show a good cause of action against them ; and the appellant Turner claims that the judgment against him is erroneous because rendered without the service of process, and without any appearance by or for him.

The record shows neither a return of service of a sum- mons on said Turner, nor any appearance on his behalf. The other defendants appeared by attorney, and filed demurrers and answers, and took other steps in the case ; and there is an entry in the record of the tenor following : "Come again the parties, by their counsel, and this cause, being at issue, is now submitted to the court for trial," etc. But this entry is binding only upon those for whom there had been an actual appearance, which must be shown affirmatively in some part of the record. A judgment by default, it is well settled, can not be affirmed on appeal unless the record contains a transcript of a summons and a return of due service thereof ; an express recital in the record, that there was proof of the issue and due service of process, is not sufficient ; and it would be intolerable if men could be brought into the con- clusive and irreversible obligation of a judgment by force of loose recitals of a clerk, such as the one made in this case, when in truth they were neither present nor represented, and had no notice that the action was pending.

The judgment against said Turner must therefore be re- versed.

In support of the demurrer of Fee and Small to the com- plaint, it is claimed that the bond sued on is not an addi- tional bond, given on application for an order to sell real estate, but is, and from its terms and conditions can be deemed to be, only a general bond for the faithful perform- ance of the duties of the guardianship, and therefore does not create any obligation to answer for the proceeds of the sale of real estate.

In the foregoing statement we have given literally so much

of the complaint as refers to the bond, its execution, and the purpose for which it was made. We consider the averments sufficient to show that it was given as the additional bond which is required by law in cases of guardians' sales of real estate. It must, therefore, under the provisions of section 790 of the code, be held to be a good bond for the purpose for which it was executed. That section provides that "No official bond entered into by any officer, nor any bond, recognizance, or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form or substance, or recital, or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance. In all actions on a defective bond, recognizance or written undertaking, the plaintiff or relator may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance or written undertaking were perfect in all respects."

A bond taken or approved by a judge on the bench is taken by an officer in the discharge of the duties of his office. The bond in suit is therefore within both the letter and spirit of this law. The defects of form and recital are apparent on the face of the instrument, taken in connection with the alleged purpose for which it was executed, and consequently a more particular suggestion of the defects in the complaint was unnecessary. Buskirk's Practice, 302.

A further objection is made to the complaint by these appellants, that it does not show that they executed the bond. The only averment on the subject is that the guardian, Bullard, "executed his bond," and the only thing to show or suggest that the other defendants had joined in its execution is the fact that the names recited in the copy of the bond filed with the complaint are identical with the names of the

defendants, and the names subscribed thereto are either identical or differ only in that the christian names are not given in full, but in abbreviated form or by initial letters. If the sufficiency of the complaint in this respect had not been questioned until after the trial, we should perhaps be justified in holding that the defect was cured by the verdict, but the appellants having presented the question at the earliest opportunity afforded them by the rules of practice, and in the appropriate mode specifically provided by the code, they are entitled to a decision whether, by the rules of pleading, the complaint does state facts sufficient to constitute a cause of action against them. The rule is familiar and fundamental, that a pleading must state facts, and it is not sufficient to state merely matters of evidence tending to show the facts which ought to be stated, unless the evidence is conclusive in its nature, and even then the better rule is to aver the fact, and not the evidence of it. The copy of the bond sued on is a necessary part of the complaint, and so the complaint may be regarded as showing that Bullard gave a bond purporting to be signed by the names thereto appearing, but this is far short of showing that those names were the names of the appellants, or that they were subscribed to the bond by the appellants or by their authority. Identity or similarity of names, in any case, can be no more than evidence of identity of persons, and standing alone can hardly be deemed to constitute *prima facie* proof. The demurrer should have been sustained.

As against Bullard, the complaint is unquestionably good, and if his second paragraph of answer, to which a demurrer was sustained, was good, no error was committed of which he can avail himself. He had pleaded a general denial, under which, if under any plea, he could have proved that he had "fully performed all the conditions of said bond according to the tenor and legal effect thereof." This was all there was in his special plea to which the demurrer was sustained.

The judgment against the appellant Bullard is affirmed, with costs, but the judgment against the appellants Fee, Small and Turner, is reversed, with costs.