KRALL vs. LIBBEY and another.

*October 20 — November 3, 1881.*

APPEAL BOND.    *(1) How far surety on appeal bond may impeach the judgment.*

REVERSAL OF ORDER:    *(2) Striking out pleading as frivolous.*

1. Persons who, being strangers to a judgment when rendered, become sureties on the defendant's appeal bond conditioned to pay such judgment if affirmed, though they may impeach the judgment of affirmance on the ground that it was obtained by fraud or collusion in the appeal proceedings, cannot impeach the original judgment as procured by fraud. *Ætna Ins. Co. v. Aldrich*, 38 Wis., 107, and *Mann v. Ætna Ins. Co.*, id., 114, distinguished.
2. Under the existing statutes, this court will not reverse an order striking out a pleading as frivolous, where such pleading was clearly bad in substance.

APPEAL from the Circuit Court for *Winnebago* County.

The present plaintiff recovered judgment against one Lull in said circuit court; and, on an appeal from that judgment to this court, the present defendants executed with Lull an undertaking, in the usual form, to secure the payment of said judgment in case it should be affirmed.    The judgment was affirmed here; and this action was brought upon said undertaking.    The answer alleges, in substance, that the verdict in *Krall v. Lull* was procured by fraud, in that the plaintiff and another witness in his behalf knowingly gave false testimony (the particulars of which are specified) in support of material allegations of the complaint in that action; that there were no other witnesses to establish those allegations; that the plaintiff and said witness colluded and conspired together for the purpose of obtaining said verdict by their false testimony; and that such fraud did not come to the knowledge of Lull until after the judgment of affirmance in that case, nor to the knowledge of the defendants until after the service of the complaint herein.    The circuit court ordered the answer to be

Krall vs. Libbey and another.

stricken out as frivolous, and that judgment be rendered for the plaintiff; and from that order the defendants appealed.

`For the appellants there was a brief by *Pike & Van Keuren*, and oral argument by *Mr. Pike:*

1. Equity will relieve against judgments at law obtained by fraud. *Merritt v. Baldwin*, 6 Wis., 443, 445; *Wright v. Eaton*, 7 id., 595. And putting in at the trial testimony which the party knew to be false, is fraud. 2 Story's Eq. Jur., § 1574. 2. Parties in interest, though not parties to the record, may defend against the enforcement of a judgment improperly obtained, or which for any reason ought not to be paid. *Ætna Ins. Co. v. Aldrich*, 38 Wis., 107; *Mann v. Ins. Co.*, id., 114. 3. If it be contended that the defendants in this action are not, as to *Krall v. Lull*, strictly parties in interest in the sense in which the plaintiff was such in *Mann v. Ins. Co.*, yet their position, under the allegations of the answer, entitles them to equal consideration. R. S., sec. 2657; Brandt on Suretyship, 391, 526; *Mann v. Ins. Co.*, 40 Wis., 553; *Bridgeport Ins. Co. v. Wilson*, 34 N. Y., 281; *Downs v. Fuller*, 2 Met., 135; *Laflin v. Field*, 6 id., 287; *Tracy v. Maloney*, 105 Mass., 91; *Way v. Lewis*, 115 id., 26; *Cutter v. Evans*, id., 27; *Great Falls Man. Co. v. Worcester*, 45 N. H., 110; *Riddle v. Baker*, 13 Cal., 295. 4. In the light of the above authorities, the answer was at least not frivolous. Bliss on Code Pl., § 421; *F. & M. Bank v. Sawyer*, 7 Wis., 383; *Lerdall v. Ins. Co.*, 51 Wis., 426; *Manning v. Tyler*, 21 N. Y., 567.

·*Gabe Bouck*, for the respondent.

COLE, C. J. We fail to perceive any sound principle which permits the defendants to impeach or question the validity of the judgment in *Krall v. Lull*. When that judgment was recovered in the circuit court, they were strangers to it. But they saw fit voluntarily to enter into the statutory undertaking, conditioned, among other things, to pay that judgment

in case it should be affirmed in this court. The judgment was affirmed. The event or condition upon which they absolutely bound themselves to pay the judgment, happened or was fulfilled. It is not claimed that there was any fraud or collusion in the proceedings on appeal to secure an affirmance of the judgment. Had the affirmance in this court been brought about through collusion of the parties; had the appellant intentionally made default, or neglected to present his case when he had good legal grounds for reversal; and had this been done for the purpose of defrauding the sureties in the undertaking,— there would certainly be ground for saying that they should be relieved from their obligation to pay the judgment. But nothing of the kind is claimed or pretended, and it must be presumed that the judgment was rightfully affirmed on full consideration of the case on its merits. Therefore the event has happened upon which the sureties, in plain language, undertook to become absolutely charged. What they now seek to show is, that the original judgment was procured by fraud; that the verdict was obtained by false testimony introduced on the trial, which the plaintiff in the action knew to be false. That, in substance, is the defense which the sureties set up in their answer to the action upon their undertaking. We are not aware of any case which holds that such a defense is available to them, where the facts were at all similar to those presented on this record; and we see no reason why it should be. For, as we have said, they were entire strangers to the original litigation; their rights were in nowise involved or affected by that suit; but, after judgment was rendered in the circuit court, they voluntarily assumed the obligation to pay it if it should be affirmed on appeal. Why should they then be permitted to impeach the validity of that judgment, on any ground, and retry the cause?

The able and astute counsel for the defendants invokes the doctrine that courts of equity relieve against judgments at law obtained by fraud. Undoubtedly they do in a proper case, and

on the application of the proper party. But the learned counsel failed to cite a case where the sureties in an appeal undertaking have been permitted to impeach the judgment which they absolutely bound themselves to pay in the event it was affirmed. The cases which the counsel cites in this court to sustain the position that the line of defense set up in the answer is open to the sureties, seem to us not in point. He relies on *Ins. Co. v. Aldrich*, 38 Wis., 107; *Mann v. Ins. Co.*, id., 114. In these cases, he says, the court decided that parties in interest, though not parties to the record, may defend against the enforcement of a judgment improperly obtained, or which, for any reason, ought not to be paid. But the principle of those decisions does not aid the defendants, for reasons which must be apparent from what has been said. For here the sureties absolutely bound themselves to pay this very judgment, if it should be affirmed; and why should they not stand by their undertaking? Under the circumstances we certainly see no merit in their demand to open that judgment and retry the cause. Were there any pretense that its affirmance was procured through collusion of the parties to it, the sureties would stand upon different ground. We think that they might then impeach the judgment of affirmance, upon well-settled principles. *Way v. Lewis*, 115 Mass., 26; *Cutler v. Evans*, id., 27. But nothing of the kind is claimed here.

In this case the court ordered the answer to be stricken out as frivolous. It is insisted that this was error, because the answer was not of that character. The answer surely states no defense to the action. And this court has adopted a more stringent rule in regard to frivolous pleadings than formerly obtained. It has in effect decided that it would not reverse an order striking out a pleading as frivolous where such pleading was clearly bad in substance. *Diggle v. Boulden*, 48 Wis., 477; *Lerdall v. Ins. Co.*, 51 Wis., 426.

*By the Court.*— The order of the circuit court is affirmed.