No. 1,703.

MIDLAND RAILWAY COMPANY v. HOLLORAN ET AL.

DAMAGES.—*Appeal Bond.*—Only nominal damages can be recovered against the sureties on a term time appeal bond which was not perfected by filing the record in time, where no damage is shown to have resulted from the stay of execution during the sixty days allowed by the statute for perfecting the appeal.

APPELLATE PROCEDURE.— *Damages, Nominal.* — *Reversal of Judgment.*—A judgment will not be reversed to enable a party to recover nominal damages only.

From the Hamilton Circuit Court.

*W. R. Crawford, U. C. Stover,* and *Fertig & Alexander,* for appellant.

*Kane & Kane,* for appellees.

GAVIN, C. J.—On May 15, 1888, the appellant recovered judgment against appellees Holloran and Ingerman, who prayed a term time appeal, which was granted. Within the time allowed, they filed their appeal bond in the usual form, and the execution which had issued, having been ordered in, was returned. On November 16, 1888 the transcript was filed in the Supreme Court, but in 1891, the appeal was by order of the court dismissed. The judgment remains unpaid. Appellant asserts its right to recover the amount of the judgment, either because the appeal was not duly prosecuted by reason of the failure to file the record in the Supreme Court within the time allowed by law to perfect the term time appeal, or upon the ground that the bond operated to secure the due prosecution of the appeal finally taken but subsequently dismissed. No damage is shown to have resulted from the stay of exe-

cution during the sixty days allowed by statute for perfecting the appeal.

Assuming that the bond was regularly executed and valid, the decision of the Supreme Court in the recent case of *McKinney* v. *Hartman*, 143 Ind. 224, is conclusive against appellant's right to recover, either upon the facts found or upon its first paragraph of complaint, anything more than nominal damages.

A judgment will not be reversed to enable a party to recover nominal damages only. *Wimberg* v. *Schwegeman*, 97 Ind. 528 ; *Black* v. *Coan*, 48 Ind. 385.

Since the evidence offered and rejected was directed only to establishing the validity of the bond, and we assume for the purposes of this case that it was valid, there was no harmful error (if any) in refusing to receive it.

Judgment affirmed.

DAVIS, J., did not participate.

Filed February 18, 1896.