Filed May 15, 1896.

---

No. 1,690.

## SUPREME COUNCIL OF THE CATHOLIC BENEVOLENT LEGION ET AL. *v.* BOYLE.

PLEADING.—*Joint Answer.*—*Demurrer.*—An answer pleaded jointly as to several parties must be good as to all, or a demurrer to it is properly sustained.

SAME.—*Complaint.*—*Appeal Bond.*—The execution of an appeal bond by the sureties is not sufficiently alleged by a complaint averring the execution of the bond by the principal defendant, and that the appeal was perfected.

APPELLATE PROCEDURE.—*Assignment of Errors.*—A joint assignment of errors must be good as to all of the parties joining therein, or it cannot be maintained.

APPEAL BOND.—*Statute Construed.*—A judgment defendant is not liable on an appeal bond where such bond was not signed by such defendant, but was signed by sureties. Where a bond is complete in all its parts, valid and sufficient upon its face to accomplish the purpose for which it was intended, there is nothing in it upon which the curative statute, section 1235, R. S. 1894 (section 1221, R. S. 1881), can operate.

SAME.—An appeal bond showing that it was executed for a term-time appeal is not enforcible when such appeal is abandoned by failure to file the transcript within the time required by law,

SAME.—The defendant against whom is rendered a judgment appealed from, is not liable on an appeal bond which he did not execute, although liable upon the judgment appealed from.

COLLATERAL ATTACK.—*Judgment.*—*Appeal Bond.*—The liability of a defendant against whom judgment is rendered cannot be contested in this court in an action on the appeal bond.

SUMMONS.—*Service.*—*Sufficiency Of.*—Service on the president, secretary and treasurer of a council of a benefit society, when no other or higher officers thereof can be found in the county, is sufficient to give jurisdiction over the supreme lodge.

From the Allen Circuit Court.

*Breen & Morris,* for appellants.

*W. Leonard, E. Leonard, H. Colerick* and *J. E. K. France,* for appellee.

GAVIN, C. J.—Appellee recovered judgment against appellants upon an appeal bond.

It is averred, in the complaint, that the Supreme Council of the Catholic Benevolent Legion, was a fraternal organization, incorporated under the laws of New York, with branch or subordinate councils in various places; that in 1886, St. Julien Council No. 89 was established at Ft. Wayne, Indiana, and of this council one William Boyle became a member, and was thereby entitled to have $2,000.00 benefit paid, upon his death, to the appellee, his widow; that said William Boyle died in 1891, and suit was commenced upon the beneficiary certificate, and judgment recovered thereon by appellee, in the Allen superior court, from which the cause was appealed to this court, and here affirmed (*Supreme Council, etc., v. Boyle,* 10 Ind. App. 301); that the bond sued on was executed by the principal defendant as the appeal bond therein, and that the judgment is wholly due and unpaid.

Process was issued to Allen county for the Supreme Council, and returned served "by reading to John Daily, who is the president, and Owen Barry, who is

the secretary, and Joseph J. Besson, who is the treasurer, of the St. Julien Council No. 89, who are the agents of the defendants, the Supreme Council Catholic Benevolent Legion, no other or higher officer of said Supreme Council of the Catholic Benevolent Legion found in my county whereon to serve this writ." This service was sufficient to give the court jurisdiction of the person of the Supreme lodge. *Supreme Council, etc.,* v. *Boyle, supra;* W. U. Tel. Co. v. *Lindley,* 62 Ind. 371; *Evansville, etc., R. R. Co.* v. *Spellbring,* 1 Ind. App. 167.

All of the appellants joined in a plea in abatement, and all unite here in assigning as error the court's action in sustaining a demurrer to the plea, which sets up that all the defendants, save the Supreme lodge, were residents of Newton county, Indiana.

The appellants insist that, under section 314, R. S. 1894 (section 312, Horner's R. S.), a personal action against several defendants must be brought in the county where one of them resides, and rely upon *McCauley* v. *Murdock,* 97 Ind. 229, as conclusive. They very earnestly urged the overruling of *Lindley* v. *Kreglo,* 121 Ind. 176, which decides that where the court obtains jurisdiction over one defendant, in such actions, process may issue to other defendants, resident in every county in the State. In the view we take of the answer, we need not determine this question. An answer pleaded jointly by several, must be good as to all, or a demurrer to it is properly sustained. *Ward* v. *Bennett,* 20 Ind. 440; *Black* v. *Richards,* 95 Ind. 184. So, also, a joint assignment of error must be good as to all, or it is not maintained. *Hubbard* v. *Bell,* 4 Ind. App. 180; *Carr* v. *Carr,* 137 Ind. 232. As to the Supreme Council, this plea was clearly bad. Being joint, it was, therefore, bad as to all. There was, therefore, no error in sustaining the demurrer to this

plea. Even had the answers been several, the assignment of error being joint, it would not, under the authorities, avail.

Upon no sound principle of law can we declare that one who does not sign the bond can be held liable thereon. The bond shows upon its face, that the Supreme Council is not a party to it. It does not purport to be executed by the Supreme Council. There is nothing in it to indicate that it was intended to be executed by the Supreme Council. "The execution of an instrument is the subscribing and delivering it, with or without seal." R. S. 1894, section 455; *Wild Cat Branch* v. *Ball*, 45 Ind. 213; *Scheid* v. *Leibschultz*, 51 Ind. 38.

The counsel for appellee invoke the aid of a curative statute, section 1235, R. S. 1894 (section 1221 Horner's R. S.), which provides that no such bond "shall be void for want of form or substance or recital or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance, or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance." It is further provided therein, that in actions "on a defective bond," the defect may be suggested in the complaint, and recovery had thereon to the same extent as if it "were perfect in all respects." They are defects that are to be cured by the statute. Where a bond is complete in all its parts, valid and sufficient upon its face to accomplish the purpose for which the bond was intended, there is nothing upon which this statute can operate. *Hart* v. *State*, 120 Ind. 83. That the bond in question was complete and sufficient, without the execution by the Supreme Council, cannot be successfully controverted. *Thom* v. *Savage*, 1 Blackf. 52; *Railsback* v. *Greve*, 58 Ind. 72; *Hinkle* v. *Holmes*, 85 Ind. 405; *Keene*

v. *Deardon*, 8 East. 298; *Johnson* v. *Johnson*, 31 Ohio St. 131. None of these authorities, most of which have been relied upon by appellee, decides that the judgment defendant is bound by the bond which he does not execute. All that they decide is that the bond is sufficient without being executed by the judgment defendant. It is true, there seem to be some States in which it is held that the defendants must themselves sign the bond, but it is not so in Indiana. No case has been cited by appellee which would authorize us to hold the Supreme Council liable upon this bond. It is true, that the Council is liable upon the judgment, but this is not a suit upon the judgment. It is a suit upon the bond, a collateral contract by which the other appellants became bound, but not the Council.

Upon the trial, it was not proper for the appellants to prove that the deceased, whose life was insured, was not really dead, as appellee knew at the time of the former trial. That question was fully involved in the suit upon the certificate. So long as that judgment, rendered by a court properly invested with jurisdiction over the person of the defendant and the subject-matter of the action, stands unmodified, unreversed, and untouched by the hands of a court of equity, its validity cannot be attacked in this proceeding. For whatever relief the parties may be entitled to demand upon such an anomalous condition of affairs, they must appeal to a court of equity by a direct attack upon the judgment. *Weiss* v. *Guerineau*, 109 Ind. 438; *Cavanaugh* v. *Smith*, 84 Ind. 380; *Wiley* v. *Pavey*, 61 Ind. 457; *Gaylord* v. *City of Lafayette*, 115 Ind. 423; *Cicero Tp.* v. *Pickens*, 122 Ind. 260; *Harmon* v. *Moore*, 112 Ind. 221; *Krall* v. *Libbey*, 53 Wis. 292, 10 N. W. 386, would seem to place the sureties on the appeal bond

in a position even worse than that occupied by the judgment defendant. We are not required to, and do not, go so far. Were there any claim by the sureties, of collusion or fraud by the appellee and the Supreme Council jointly, another question would be presented.

Although contrary to our first and present impressions, were the question an open one, we are constrained, by the decision in *Fee* v. *State, ex rel.*, 74 Ind. 66, to hold that the execution of the bond by the sureties is not sufficiently alleged. This is a defect, not of form, but of substance.

Counsel for appellee depend upon sections 348 and 670, R. S. 1894, and assert that the merits of the case have been rightly determined.

The Supreme Court has many times declared that it would not look into the evidence to determine whether or not an error in overruling a demurrer to a bad complaint was harmful. *Ryan* v. *Hurley*, 119 Ind. 115; *Culver, Admx.*, v. *Yundt*, 112 Ind. 401; *Belt, etc., R. W. Co.* v. *Mann*, 107 Ind. 89; *Pennsylvania Co.* v. *Marion*, 104 Ind. 239; *Pennsylvania Co.* v. *Poor*, 103 Ind. 553; *Johnson* v. *Breedlove, Admr.*, 72 Ind. 368; *Friddle* v. *Crane*, 68 Ind. 583.

It is urged by counsel that, in the later case of *Miller* v. *Bottenberg*, 144 Ind. 312, that court has indicated a willingness to follow the views expressed by Judge Lotz, in *Lake Shore, etc., R. W. Co.* v. *Kurtz*, 10 Ind. App. 60, and to give full effect to the provisions of these statutes, and to disregard any error in overruling a demurrer, if it could really say, from the whole record, including therein the evidence, that the cause has been fairly tried and determined upon its merits. Even the application of the most liberal rule, however, would not suffice to avoid disaster to appellee in this court, because, under the recent case of *McKinney* v. *Hartman*, 143 Ind. 224, her complaint

was not sustained by the evidence. The complaint avers the recovery of the judgment in the trial court, the prayer for appeal, the execution of the bond sued on by the principal defendant, and that "said appeal was perfected by said company in the Appellate Court," where it was fully decided and the judgment affirmed.

To the complaint a general denial was filed. The evidence shows this bond executed for a term-time appeal. By section 650, R. S. 1894, to perfect a term-time appeal, the transcript must be filed in the office of the clerk of the Supreme Court within 60 days after filing the bond. The proper filing of the bond operates to stay proceedings on the judgment. This term-time appeal was not, in fact, perfected, but was abandoned, the transcript not being filed with the clerk within the 60 days. By section 651, therefore, appellee was entitled to execution after that time, had she procured a certificate of the clerk, showing the failure to file the record in time. The case, upon its merits, is directly within the McKinney case, which has been followed by this court in *Midland R. W. Co.* v. *Holloran*, 14 Ind. App. 392.

Under the holding of the Supreme Court, there was no right of recovery upon the breach of the bond alleged, viz.: failure to pay the judgment affirmed against it on that appeal. Whether appellee acquired any substantial rights under the bond, if she were pursuing the parties for its breach, by reason of the failure to duly prosecute the appeal, we are not called upon to determine, but it is quite clear that she has not made out the case relied upon in her complaint.

Judgment reversed, with instructions to sustain the demurrer to the complaint, with leave to amend.

Filed May 15, 1896.

Supreme Council of the Catholic Benevolent Legion *et al. v.* Boyle.

## CONCURRING OPINION.

Ross, J.—While concurring in the result reached in the opinion of Gavin, C. J., I am of the opinion that the complaint is defective for the following additional reasons, namely: Because it is not alleged either that the penalty of the bond or the time within which it was to be filed, was fixed by the court; or that it was approved by the court, or filed within the time fixed; or that the transcript of the judgment, for the stay of which the bond was given, was filed in the Appellate Court within sixty days after the appeal bond was filed; or that executon and other proceedings were stayed upon the judgment during the pendency of the appeal.

The statute, section 638, R. S. 1881 (section 650, Burns' R. S. 1894), regulates term-time appeals, providing that "when an appeal is taken during the term at which judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by the appellant, with such penalty and surety as the court shall approve, and within such time as it shall direct, payable to the appellee, with condition that he will duly prosecute his appeal and abide by and pay the judgment and costs which may be rendered or affirmed against him. * * * * * The transcript shall be filed in the office of the clerk of the Supreme Court within sixty days after filing the bond."

Section 639, R. S. 1881 (section 651, Burns' Rev. 1894), provides that: "In all cases appealed to the Supreme Court, where bond shall have been filed in the court below in term, and execution therein stayed, and the appellants shall fail to file in the office of the clerk of the Supreme Court the record of the cause so appealed within the time required by law, the

party in whose favor the judgment may be in the court below may have execution thereon, upon the filing with the clerk of the proper court the certificate of the clerk of the Supreme Court, showing that said record was not filed in proper time: provided, however, that nothing in this section shall be so construed as to prevent any such appellant from filing the transcript, and perfecting the appeal afterward, according to law."

If the appeal bond is filed and approved by the court during the term at which the judgment appealed from was rendered, no time for filing such bond need be fixed, but if the bond is not filed in term, the statute, section 638, *supra*, requires, in order to give validity to it, that the court in term shall approve the penalty and surety, and shall designate the time within which the bond shall be filed. The law is mandatory, and, unless it has been complied with, a bond filed is absolutely void, and will not operate to stay execution and other proceedings upon the judgment. The other section (639, *supra*) provides that if the court has approved the penalty and surety, and fixed the time within which the bond shall be filed, and the bond is filed within the time designated, yet if the transcript perfecting the appeal is not filed in the office of the clerk of the Supreme Court within the time allowed by law, namely, within sixty days after the filing of the appeal bond, the judgment plaintiff may have execution.

The only allegations of the complaint before us, touching the execution or filing of the bond, or as to when the transcript was filed, are, that "said company prayed an appeal to the Supreme Court of the State, and, in pursuance thereof, did execute, on the 17th day of June, 1893, to this plaintiff, their bond, in the sum of $3,000.00, a copy of which bond is filed

herewith and made a part hereof, and marked Exhibit A, by which it bound and obligated itself that if the said company, the Supreme Council of the Catholic Benevolent Legion, will duly prosecute its said appeal, and abide by and pay the judgment and costs which would be rendered or affirmed against it, then said bond and obligation to be void; otherwise to remain in full force and effect; that said appeal was perfected by said company in the Appellate Court of this State, and was, on the 20th day of June, 1894, fully decided by said Appellate Court, affirming in all things the judgment of this court."

In *Ham* v. *Greve*, 41 Ind. 531, which was an action on an appeal bond, the court, in ruling upon the sufficiency of the complaint, says: "It is insisted, by counsel for appellants, that in a complaint upon an appeal bond, in an appeal to this court, four things must affirmatively appear: first, that the penalty of the bond was fixed by the court; second, that the surety was approved by the court; third, that the bond was filed with the clerk within the time limited by the court; fourth, that the transcript was filed in the office of the clerk of the Supreme Court within sixty days after the filing of the bond. * * * * * It is alleged in the complaint, that the court approved of Railsback as surety, but it is not alleged that the penalty of the bond was fixed by the court, or that the court directed in what time the bond should be filed, or that it was filed within the time directed, or when the transcript was filed, nor is it alleged that execution and other proceedings were stayed upon the judgment below, during the pendency of the appeal in this court; but it is averred that the bond was taken and approved by the clerk of the court below. As we have seen, neither the clerk of the Supreme Court nor of the court below has any power to take or ap-

prove an appeal bond when the appeal is taken in term. In our opinion, the complaint was fatally defective. . The bond was not executed in the manner or with the formalities required by the statute."

And in the case of *Buchanan* v. *Milligan*, 68 Ind. 118, also an action on an appeal bond, the court cited *Ham* v. *Greve, supra,* approvingly, and says: "There are many defects in the complaint. There is no allegation that the penalty of the bond was fixed by the court, or that the court directed in what time the bond should be filed, or that it was filed within the time directed, or when the transcript was filed in the Supreme Court; nor is it alleged that execution and other proceedings were stayed upon the judgment below, during the pendency of the appeal in this court. For want of these allegations, the complaint was insufficient upon demurrer for want of facts."

There can be no doubt about *Ham* v. *Greve, supra;* *Buchanan* v. *Milligan, supra,* stating the law correctly, for they simply follow the statute, and any ruling to the contrary must be in disregard of the statute.

In *McKinney* v. *Hartman, supra,* which was an action upon an appeal bond, the breach charged being that the defendant had failed to pay the judgment, it appeared from the allegations of the complaint that the trial court, at the term the judgment was rendered, fixed the penalty of the appeal bond and the time within which it was to be filed, and approved the surety, and that the bond was filed within the time fixed. It also appears, in the record in that case, that the transcript was not filed in the office of the clerk of the Supreme Court until after sixty days had elapsed from the time the appeal bond was filed, and the court held that there was no liability on the bond on account of the breach charged in the complaint, for the reason that no term-time appeal

had been taken because the transcript had not been filed within the time designated by the statute. That case is, in my mind, decisive of the questions in this case, as against the appellant, John Kiefe, Patrick Kiefe, Joseph Shuh, Carroll C. Kent, and J. L. Morrisson. As to the appellant, The Supreme Council of the Catholic Benevolent Legion, the original judgment stands, and the giving of the bond sued on did not stay execution or other proceedings thereon, after the expiration of the sixty days allowed for filing the transcript in perfecting the term-time appeal.

Filed May 15, 1896.