## BORMAN v. THE JUNG BREWING COMPANY ET AL.

[No. 2,918.   Filed November 29, 1899.] .

BONDS.—*Capias ad Respondendum.*—*Failure of Plaintiff to Sign Bond.*—*Action on Bond.*—The failure of the plaintiff to sign a bond in a proceeding in *capias ad respondendum* is not a defect of "form or substance or recital or condition," as contemplated by §1235 Burns 1894, and an action cannot be maintained on the bond by the defendant in such proceeding against the plaintiff.

From the Marion Circuit Court.   *Affirmed.*

*V. G. Clifford, W. F. Browder* and *W. S. Moffett,* for appellant.

*W. T. Brown* and *O. B. Iles,* for appellees.

ROBINSON, J.—The Jung Brewing Company sued appellant before a justice of the peace; a *capias ad respondendum* was issued upon the filing of an affidavit by Jacob Reuter and a bond signed by Reuter alone; upon this writ appellant was arrested, and being unable to give bond for his appearance was confined in jail for a number of hours. At the trial before the justice appellant had judgment. He now sues the Jung Brewing Company and Jacob Reuter on the bond given before the justice for damages resulting to him through the proceedings before the justice. The complaint is in two paragraphs and with each the bond, which is signed by Reuter alone, is filed as an exhibit. The company's demurrer to each paragraph for want of facts was sustained, and this ruling is the only question presented.

The first paragraph is clearly bad because it neither shows by its averments nor the exhibit that the Brewing Company signed the bond, personally, by agent, or otherwise; but the paragraph and exhibit show that it was signed by Reuter alone.

The second paragraph contains an averment that the "bond was not signed by the principal through the oversight of the official taking the same." Section 1 of the act

of March 4, 1897 (Acts 1897, p. 141), provides: "And such plaintiff shall also execute a written undertaking, with sufficient freehold surety, to be approved by the justice, payable to the defendant, conditioned that the plaintiff will duly prosecute this proceeding in *capias ad respondendum* to effect, and will pay all damages which may be sustained by the defendant, if the proceedings of the plaintiff shall be wrongful and oppressive."

But this paragraph fails to show that the bond was executed by the company, or by any one for it. It was never the company's bond. This is not a defect of "form or substance or recital or condition" as contemplated by §1235 Burns 1894. There is no bond of the company which could have any such defects. *Supreme Council, etc.,* v. *Boyle,* 15 Ind. App. 342. It is true it is said in *Shroyer* v. *Simons,* 14 Ind. App. 631, that in an action on a defective bond the plaintiff may suggest the defect in the complaint, and recover to the same extent as if such bond were perfect in all respects. But this was said with reference to a bond which omitted the name of one of the obligees.

The case of *Supreme Council* v. *Boyle, supra,* was an action upon an appeal bond. It was there held that the bond was complete without the execution by the supreme council, and that in a suit on the bond, the council, not having signed it, could not be held liable thereon. That case holds that an appeal bond may be complete without having been signed by the judgment defendant, but there is nothing in the opinion authorizing us to say that a party may be held liable on a bond which he did not execute. The question in the case at bar is not the sufficiency of the bond as filed, nor is it the liability of a party for damages resulting from the wrongful issuing of a *capias;* but the suit is on the bond. We know of no authority authorizing us to hold a party liable on a bond which he never executed.

In *Ward* v. *Buell,* 18 Ind. 104, 81 Am. Dec. 349, the defects were failure to specify any amount or penalty. In

*Jones* v. *Droneberger*, 23 Ind. 74, the operation of the bond was held to cover rents and profits though not mentioned in it. In *Railsback* v. *Greve*, 58 Ind. 72, suit was brought on a bond signed by only one of two judgment defendants, and the alleged defect in the bond was its failure to describe correctly the judgment appealed from. In *Hawes* v. *Pritchard*, 71 Ind. 166, a party acknowledged himself replevin bail for stay of execution for 180 days where the statute fixed the time in such cases at 150 days. In *Yeakle* v. *Winters*, 60 Ind. 554, the particular defect in the bond is not disclosed, but it is clear from the language of the opinion that it was not one that went to the execution of the bond. In *Opp* v. *Ten Eyck*, 99 Ind. 345, an appeal bond was held to include the mesne rents though not named in the bond. In *State* v. *Soudriette*, 105 Ind. 306, a recognizance in a case of felony taken by a mayor made payable to the city instead of the State was held good. In *Boden* v. *Dill*, 58 Ind. 273, the defect consisted in omitting from the body of the bond the name of one of the obligees.

In none of the above cases, which are cited by appellant's counsel, was the question presented in the case at bar involved. The bond itself shows appellee never signed it, and the complaint does not show it was executed by appellee or by any one having the power so to do. The demurrers were properly sustained. Judgment affirmed.