## PAPE *v.* KAOUGH.

[No. 2,933. Filed December 19, 1899.]

PLEADING. — *Cross-Complaint.* — *Reformation of Instruments.* — A cross-complaint seeking to reform and enforce a contract is bad on demurrer where the contract does not purport to be the contract of the party against whom its enforcement is asked, and there are no allegations connecting plaintiff with the parties to the contract. *pp. 526-529.*

APPEAL AND ERROR.—*Defective Cross-Complaint.*—*When Not Cured by Verdict.*—A defect in a cross-complaint is not cured by verdict where the opposite party presented the question of its sufficiency by demurrer. *p. 529.*

From the Allen Superior Court. *Reversed.*

*W. P. Breen* and *John Morris, Jr.,* for appellant.
*Henry Colerick,* for appellee.

HENLEY, J.—This action was commenced by appellant against appellee to recover for goods sold and for work and labor done. Appellee answered in four paragraphs. Appellant's demurrer was overruled to the first and second paragraphs of answer and sustained as to the third and fourth. Appellee also filed a cross-complaint. Appellant's demurrer to the cross-complaint was overruled. There was a trial by jury, resulting in a verdict and judgment in favor of appellee upon his cross-complaint. The first specification of the assignment of errors questions the action of the lower court in overruling appellant's demurrer to the cross-complaint. This cross-complaint is based upon a written contract which it seeks to reform. The pleading, omitting the exhibit, is as follows: "The defendant by way of cross-complaint to plaintiff's complaint says and alleges that on the 30th day of November, 1894, defendant entered into a verbal contract with the plaintiff whereby he was given the sole and exclusive agency for the sale of plaintiff's road machines, for the year 1895, in the counties of LaGrange, Steuben, Noble, DeKalb, Whitley, Allen, Huntington, Wells, and Adams, in Indiana, and the counties of Williams, Fulton, Lucas, Ottawa, Defiance, Henry, Wood, Sandusky, Erie, Lorain, Huron, Seneca, Hancock, Putnam, Allen, Auglaize, Hardin, Logan, Wyandotte, Crawford, Richland and Ashland, in Ohio. And the defendant further says that shortly thereafter the plaintiff requested one Fitzimmons, his agent, to reduce said contract to writing, and that said Fitzimmons undertook so to do and did reduce said contract to writing,

except the stipulation that said defendant was to have the sole and exclusive agency for the sale of said machines therein, and omitted said stipulation therefrom; that said contract was duly signed by ·the parties thereto, and that said omission of said stipulation therefrom was by the mutual mistake of said defendant and·said Fitzimmons as such agent. Cross-plaintiff further says that shortly thereafter he went to work upon said contract and expended the sum of $200 in establishing his subagencies throughout the different towns in said territory; and defendant further says that he sold six of plaintiff's machines, three to D. A. Hermley & Company, and three to J. A. Sarber, each for $235, and being at a profit of $50 on each machine to this defendant; that plaintiff when notified of said sales and asked to deliver said machines refused so to do, and that defendant was prevented thereby from delivering the same, to his loss in the sum of $300.    He sold machines in some of the counties named therein for plaintiff according to the terms of said contract; and defendant further says that in others of said counties he was unable to make any sales, as well as his subagents, owing to the fact that, in violation of the terms of said contract, this plaintiff made and authorized other and different agents to make sales of said machines in territory by said contract given exclusively to this plaintiff; that said plaintiff and his other agents sold and offered to sell said machines at prices far below the market price, and far below the price at which said defendant, as well as his subagents, could sell said machines at any profit whatever; and the defendant further says that the said plaintiff sold his said machines to any and all persons wanting to purchase the same in said territory at prices much below the market price, and at prices much below any price at which said defendant could sell the same.    And the defendant further says that by reason of said interference by said plaintiff, in offering his said goods in said territory in competition with said defendant, he drove said defendant from the market therein, and

compelled him to make sales of said machines at actual loss, and prevented defendant from making contracts for the sales of said machines at the prices stipulated in said contract, by offering to sell the same at a price much lower than defendant was authorized to sell the same by said contract. Defendant further says that he was prevented from making sales of at least two machines in each of said counties at a loss to him, upon each machine, of $50; and that upon one machine in each of said counties, after having made contracts for the sale of such machines, he was prevented from closing the same by reason of the fact that said plaintiff made said sales by offering his said machines at a much less price than defendant was authorized to sell the same by said contract; a copy of said contract, with said omission therefrom, is filed herewith and made a part hereof and marked Exhibit A. Wherefore defendant prays the court that said contract be corrected and rectified by inserting therein the stipulation omitted as aforesaid, and, on account of the damages as aforesaid, he offers to set off an amount equal to any amount that may be found due plaintiff, and prays judgment for the residue. Wherefore, by reason of said facts, defendant demands judgment for $250 and all other proper relief."

The contract relied upon appears to be a contract entered into by and between appellee and the Fleming Manufacturing Company. The contract begins as follows: "This agreement made this 30th day of November, 1894, by and between the Fleming Manufacturing Company, Fort Wayne, Allen county, Indiana, party of the first part, and William Kaough, Fort Wayne, Allen county, Indiana, party of the second part, Witnesseth," etc. The contract is signed: "Fleming Manufacturing Company, by A. Fitzimmons. William Kaough."

In no place in the contract is appellant's name mentioned, nor does it appear in the signature. The cross-complaint contains no averment that appellant executed the contract by the name of the Fleming Manufacturing Company, or that

appellant was doing business under such name, or that said Fitzimmons executed said contract for appellant under the name of the Fleming Manufacturing Company. We look in vain to the pleading for any averment even remotely connecting appellant with the parties to this contract. It is contended that this defect was cured by verdict, but we cannot so hold. Appellant presented the question of the sufficiency of the cross-complaint at the earliest possible opportunity under the rules of practice by demurrer, and he is entitled to a decision as to the sufficiency of the cross-complaint. *Fee* v. *State, etc.*, 74 Ind. 66; *Supreme Council* v. *Boyle*, 15 Ind. App. 342.

It has been held by the appellate courts of this State that the evidence will not be looked into to determine whether or not an error in overruling a demurrer to a bad complaint was harmful. *Supreme Council* v. *Boyle, supra; Spencer* v. *Spencer*, 136 Ind. 414; *Rhodes* v. *Hilligoss, Rec.*, 16 Ind. App. 478; *Dill* v. *Mumford*, 19 Ind. App. 609.

The record affirmatively shows that the relief asked by way of reformation of the contract was not granted. Appellee is satisfied with this judgment.

In an action to reform a written contract upon the ground of mistake in its execution, it is necessary that the contract be made a part of the complaint. *Pennsylvania Co.* v. *Holderman*, 69 Ind. 18. The contract which is made an exhibit in this case does not purport to be the contract of the party against whom the correction is urged or against whom its enforcement is asked.

Other alleged errors arising out of the overruling of appellant's motion for a new trial are discussed at length by counsel. We deem it unnecessary to pass upon these questions. The judgment of the lower court is reversed, and cause remanded with instruction to the lower court to sustain the appellant's demurrer to appellee's cross-complaint.