STATE of Indiana, Appellant
(Plaintiff Below),

v.

Peggy J. NEISWINGER, Indiana Insurance Company and Western Surety Company, Appellees (Defendants Below).

No. 60A01–8712–CV–00307.

Court of Appeals of Indiana,
First District.

June 6, 1988.

Linley E. Pearson, Atty. Gen., Thomas D. Strodtman, Deputy Atty. Gen., Indianapolis, for appellant.

James R. Cotner, Cotner, Andrews, Mann & Chapman, Bloomington, for appellees.

ROBERTSON, Judge.

Appellant State of Indiana appeals from the granting of summary judgment in favor of appellee Western Surety Company (Western).

We affirm.

The defendant-appellee Peggy Neiswinger was the license branch manager of License Branch No. 136 in Owen County, Indiana, when a State Board of Accounts audit revealed public funds missing from the license branch during the audit period of January 1, 1982 to December 31, 1982. In April, 1985, the Attorney General brought a complaint against Neiswinger for recovery of the funds. Western Surety was the subject of count IV of the State's complaint. The State alleged that Western wrote a bond conditioned on the faithful performance of Neiswinger. This bond, numbered 4578408, was attached to the complaint. The bond was not signed by Neiswinger, as principal, or by Western Surety, as surety.

Western's motion for summary judgment followed, with Western denying liability on the bond. The trial court granted the motion, and the State instituted this appeal. Two issues must be resolved.

I. Whether the trial court erred in concluding that IND. CODE 5–4–1–12 and IND. CODE 34–1–64–1 would have no application in the case of an unsigned bond?

II. Whether Western would be liable under a theory of involuntary suretyship?

ISSUE I.

Summary judgment is a procedure for applying the law to facts when no factual controversy exists. *Poxon v. General Motors Acceptance Corp.* (1980), Ind.App., 407 N.E.2d 1181, 1183. The trial court should grant summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Indiana Rules of Civil Procedure, Trial Rule 56(C). *Moll v. South Central Solar Systems, Inc.* (1981), Ind.App., 419 N.E.2d 154, 159. On appeal, this court applies the same standard of review as does the trial court. *Matter of Estate of Belanger* (1982), Ind.App., 433 N.E.2d 39, 42, *trans. denied.* We look to determine

whether any genuine issue of material fact exists and whether the law was correctly applied. *Smith v. P. and B. Corp.* (1979), 179 Ind.App. 693, 695, 386 N.E.2d 1232, 1234, *trans. denied.*

In granting Western's motion for summary judgment, the trial court found no genuine issue of material fact regarding the absence of the principal and surety's signatures, and determined that the curative measures at I.C. 5–4–1–12 and I.C. 34–1–64–1 are not applicable where the bond was not executed.

I.C. 5–4–1–12 provides:

No official bond shall be void because of defects in form or substance or in the approval and filing thereof, but, upon the suggestion of such defects, such bonds shall be obligatory as if properly executed, filed and approved.

The following language appears at I.C. 34–1–64–1:

No official bond entered into by any officer, nor any bond, recognizance or written undertaking, taken by any officer in the discharge of the duties of his office, shall be void for want of form or substance, or recital, or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance. In all actions on a defective bond, recognizance or written undertaking, the plaintiff or relator may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance or written undertaking, were perfect in all respects.

■ There is no dispute that the bond in question was not signed by principal or surety, and that it is an official bond. *See Southern Surety v. Kinney* (1920), 74 Ind. App. 205, 127 N.E. 575 (a bond, taken in pursuance of a public statute, falls under the description of an official bond.) Under this issue, we are presented with the legal question of whether the absence of signatures is cured by the above statutes. We

are convinced that Western Surety is not bound where it did not sign the bond, because the above statutes do not speak to a *lack* of execution.

We are persuaded by two Indiana appellate decisions, *Boreman v. Jung Brewing Company* (1899), 23 Ind.App. 399, 55 N.E. 495 and *Supreme Council of the Catholic Benevolent Legion et al. v. Boyle* (1896) 15 Ind.App. 342, 44 N.E. 56. In *Supreme Council,* an appeal bond was not signed by the appellant Legion. The appellate court held that one cannot be held liable upon a bond which he did not sign. Boyle attempted to invoke the curative statute then in effect, section 1235 Rev.St. 1894 [now 34–1–64–1]; in response, the court stated:

It is defects that are to be cured by the statute. Where a bond is complete in all its parts, valid and sufficient upon its face to accomplish the purpose for which the bond was intended, there is nothing upon which this statute can operate.

*Supreme Council, id.,* 44 N.E. at 57.

In *Boreman,* the plaintiff/principal brewing company did not sign the bond, which was payable to the defendant. The court held that the plaintiff's complaint

fails to show that the bond was executed by the company, or by anyone for it. It was never the company's bond. This is not a defect of "form, or substance, or recital, or condition" as contemplated by section 1235, Burns Rev.Stat.1894. There is no bond of the company which could have any such defects ... We know of no authority authorizing us to hold a party liable on a bond which he never executed.

*Boreman, supra,* 55 N.E. at 496.

The State argues that these cases are inapposite because they do not involve official bonds. Although this is true, *Boreman* and *Supreme Council* stated general principles regarding a party's liability on a bond. The rule that a party not signing or otherwise executing a bond cannot be held liable thereon is equally applicable to any bond, regardless of its nature. Moreover, I.C. 34–1–64–1 patently applies to official bonds. That statute authorizes actions on

defective bonds. In contrast is I.C. 5–4–1–12, curing defects in official bonds and oaths.

The State points to that part of I.C. 5–4–1–12 which states "such bonds shall be obligatory as if properly *executed*, filed and approved." (Our emphasis). The State concludes that I.C. 5–4–1–12 applies even where no bond has in fact been executed. However, one case involving an official bond which was decided when the predecessor of I.C. 5–4–1–12 was in effect is instructive. In *Killian v. State ex rel. Spayd* (1896), 15 Ind.App. 261, 43 N.E. 955, the township trustee had purportedly executed a bond with certain defendants named as sureties, but the appellate court reversed the judgment against the sureties because the bond had not been put into evidence and the sureties did not admit having executed one. The court held that there being no evidence that the sureties executed a faithful performance bond, there was nothing to bind them. The same circumstances exist in the instant case, where the only instrument in evidence is an unsigned bond.

The State suggests that we follow the rule that official bonds be given a construction which binds the obligors to the performance of the conditions which the statute (requiring the bond) declares it shall contain, even though the bond does not specifically so provide. *See United States Fidelity v. Poetker* (1913), 180 Ind. 255, 102 N.E. 372; *State v. Lidster* (1984), Ind. App., 467 N.E.2d 47. The bond's construction is not the issue before us. We have determined that the unsigned bond has not bound Western. *Poetker* and *Lidster* have no application here.

ISSUE II.

■ The State claims that there was a genuine issue of material fact regarding the creation of an involuntary suretyship.

[A] suretyship, known as "involuntary suretyship," may arise, without any contract being expressed in positive terms of suretyship, or any actual intent to form that relationship, out of a contract whose chief object is to accomplish some purpose other than that of becoming liable for the debt, default, or miscarriage of another, but which, by implication of law incidentally, has that effect, by reason of the position which the parties have assumed toward each other or toward the property out of which the debt or obligation due to the obligee is paid.

72 C.J.S. Principal and Surety § 33 (1987). The State's contention is meritless. It introduced no facts upon which an involuntary suretyship could be found. The State's complaint against Western was on the bond, not on some other contract. Consequently, the State may not prevail on this issue.

Judgment affirmed.

GARRARD, P.J., and NEAL, J., concur.