## JOSEPH ST. JOHNS vs. ABRAHAM CHARLES.

One who had contracted with the owner of a lot of land to cut the brush thereon for an entire sum, after the work was begun, and before it was completed, gave a third person an order on the owner for "all the money that belongs to me for cutting brush." *Held*, that the order was prospective,.and operated as an assignment of all that should be earned under the contract; and that payment by the owner to the assignor, after notice of the assignment, was no defence to an action against him by the assignee.

CONTRACT brought in the name of St. Johns for the benefit of Asa D. Taft.

At the trial in the superior court, before *Devens*, J., there was evidence tending to show that the nominal plaintiff made a contract with the defendant to cut the brush on his lot of land for $100 in money and all the loose wood on the lot; that after the nominal plaintiff had begun the job, but before it was accepted by the defendant, he for a valuable consideration signed and gave to Taft an order on the defendant as follows: "December 1, 1867. Please pay Asa D. Taft, on order, all the money that belongs to me for cutting brush for you;" that the defendant had notice of the order soon after it was given; that the contract was fully performed; that the defendant was thereafter requested to pay the order to Taft, but neglected to do so; and that after this suit was brought the defendant, without giving Taft any notice thereof, or obtaining his consent, paid the nominal plaintiff $25 in money and took his receipt in full satisfaction for the contract.

The defendant asked the judge to rule " that he was discharged from this suit by reason of such receipt and settlement, and that the same was a complete defence thereto, notwithstanding the order." But the judge refused so to rule, and instructed the jury " that the order, if given for a valuable consideration, and made at any time after the nominal plaintiff had entered into a contract with the defendant for the cutting of brush and had begun work under the contract, would operate as an assignment, not only of what the nominal plaintiff had earned at the time it was made, but also of what he might earn by a performance of the contract, and that the settlement made between him and the defendant was no bar or defence to the right of Taft to prosecute this suit for his

own benefit." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. F. Verry*, for the defendant.

*A. J. Bartholomew*, for the plaintiff.

COLT, J. The contract to cut brush was entire, and nothing was due thereon until its completion. The order was therefore prospective, because, when given, the work had not been finished. It is incapable of any other construction, without defeating its purpose. And as repeatedly held, its effect was to assign to Taft all the money that should be earned under the existing contract. *Lannan* v. *Smith*, 7 Gray, 150. *Macomber* v. *Doane*, 2 Allen, 541. The rights of Taft under this assignment, after notice, could not be defeated by a payment and discharge from the assignor. *Exceptions overruled.*