## THE MAMIE.

## PARCHER & Another *v.* CUDDY, Administrator.

ORIGINAL MOTION, ENTITLED IN A CAUSE PENDING ON APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

Submitted March 4th, 1884.—Decided March 10th, 1884.

*Injunction—Limited Liability.*

This court will refuse an application for injunction to stay proceedings begun in a State court before the filing of a libel to obtain the benefit of the limited liability act, Rev. St. §§ 4283-4-5, when it appears that both courts below decided against the petitioner's right to the benefit of the act, and that no cause for granting the petition is shown except the expense consequent upon trials in the State court pending the appeal.

The steam yacht Mamie, engaged in carrying passengers on the Detroit River, came into collision with another steamer and sank, by reason of which several passengers were drowned. Their administrator commenced suits in the State court to recover damages from the owners of the yacht. The owners then commenced proceedings in admiralty in the District Court for the Eastern District of Michigan, to obtain the benefit of the limited liability act. The District Court dismissed the libel

on the ground that the vessel was not one of the class described in the act.   Appeal was then taken to the Circuit Court, where the decree of the District Court was affirmed.   The owners of the yacht appealed to this court.   Pending the appeal here they prayed for a writ of injunction to restrain the prosecution of the suits in the State courts by the administrator.

*Mr. Geo. F. Edmunds*, made the motion and filed a brief in support of it.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Without deciding whether an injunction may be granted under any circumstances by this court to stay proceedings in the State courts during the pendency of an appeal in a suit brought by the owners of a vessel to obtain the benefit of the limitation of liability provided for by §§ 4283, 4284, 4285, and 4286 of the Revised Statutes, we are all of the opinion that this motion should be denied.   Both of the courts below have decided that the vessel owned by the appellants did not come within the purview of the statute, and consequently that the relief asked for should not be granted.   If the suits in the State courts go on and judgments are rendered against the appellants, there is a way in which decisions overruling defences set up under the statute may be brought here for review, and the errors, if any, corrected.

In view of these facts we are not inclined to use the extraordinary writ of injunction to stay proceedings in suits begun in the State courts before the appellants filed their libel in the District Court, simply because of the expense that will be consequent upon trials pending the appeal.   If we have the power it should not be used in a doubtful case, and after two judgments below denying the relief, unless the reasons are imperative.

*Writ refused.*