HENRY H. SEYMOUR, Respondent, *v.* MATTHIAS SMITH et al., Appellants.

In an action upon an undertaking, given on appeal from a judgment, brought by plaintiff as assignee of the judgment, the defense was that S., plaintiff's assignor, obtained the judgment as trustee of an express trust, for R., and that L., the judgment-debtor, had paid the judgment to R., who acknowledged satisfaction thereof. The assignment of the judgment to plaintiff was executed and recorded prior to the alleged payment and satisfaction. Neither the defendants nor R. had notice of the assign-

---

ment at the time of payment other than that given by the assignment record. *Held,* that the defense was not available; that, as S. brought the action, wherein the undertaking was given, in his own name, not as agent, the question as to his right to recover was an issuable fact, and was necessarily determined in that action, and defendants were concluded by their agreement to pay the judgment, if it was affirmed, from again bringing into question any issuable facts so determined; that, conceding the judgment recovered by S. was for the benefit of R., S. was the legal owner, and although, had the settlement been effected with the latter while S. was such legal owner, he would have been bound by it, yet he had the power to sell and transfer the judgment, and having done so, R.'s interest therein ceased and plaintiff, the assignee, became the legal and equitable owner, and his rights as such were not affected by the payment to R.

The rule protecting a judgment-debtor who has paid the judgment to the former owner after an assignment thereof, when he has had no notice of the assignment, does not extend to one claiming to be the beneficial owner; it only applies to those having the legal title.

To make a payment to one, not the legal owner, effectual, the duty devolves upon the payor of showing that the person to whom payment was made had, at the time, a right to receive payment.

(Argued April 26, 1889; decided June 4. 1889.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, entered upon an order made October 4, 1886, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the facts are sufficiently stated in the opinion.

*Willis J. Benedict* for appellants.    Reed was the real party in interest, the absolute and exclusive owner, and, as such, could have sued in his own name or in the name of his agent. (Code, § 449; 6 How. Pr. 471–474; 13 Kan. 567; 2 Sandf. 708; Calvert on Parties, 218.) Where a bond or judgment is assigned in trust, the donee in trust takes only an equitable title, and the legal title remains for the benefit of the assignor. (Hill on Trustees, 367.) The court having found that no notice of any assignment was ever given defendants or their attorneys, and that recording the said assignment was not notice, the debtor, Lynch, had a right to settle with the original owner. (14 Abb. [N. S.] 69; 61 N. Y. 119.)

*Henry H. Seymour* for respondent, in person.   The debtor is only protected from claims of the assignee in cases where he has paid directly to the assignor.   (Freeman on Judgments, § 426.)   An agent has a lien on the property or funds of his principal for moneys advanced or liabilities in his behalf. (55 N. Y. 325–341.)   The lien does not depend upon the character of the property, and is equally valid in respect to negotiable bills in actual possession or chattels.   (55 N. Y. 341.) Agents and principals do not, as such, have any mutual or successive relationship to rights of property.   They are not in privity with each other.   (Freeman on Judgments, § 164.) An assignee of a debt secured by an undertaking can sustain an action on the undertaking where the condition on which it was given has been forfeited, although the undertaking was to pay the assignor without adding " his assigns."   (*Snodgrass* v. *Krenkle*, 49 How. 122; *Searing* v. *Berry*, 58 Iowa, 20.) When confidence has been reposed in an' agent and an apparent authority conferred, the principal must suffer as against third parties from an actual exercise of authority not exceeding the appearance of that which is granted.   (*Armour* v. *M. C. R. Co.*, 65 N. Y. 111; 73 id. 5.)   Notice of an attorney's lien for his compensation, under section 66 of the Code, as amended in 1879, need not be given to protect his lien against a settlement by the parties.   (*Coster* v. *G. F. Co.*, 5 N. Y. C. P. Rep. [Browne], 146; 98 N. Y. 660.)

HAIGHT, J.   This action was brought upon an undertaking executed by the defendants to enable one Patrick Lynch to appeal to the General Term of the Supreme Court from a judgment entered against him in favor of one Daniel Sourwine.

It appears that Daniel Sourwine obtained a judgment in the Supreme Court for $577.47 against one Patrick Lynch, from which an appeal was taken to the General Term; that upon such appeal the defendants executed an undertaking, conditioned that if the judgment appealed from, or any part thereof was affirmed, or the appeal dismissed, that they would pay the sum recovered or directed to be paid by the judg-

ment, or the part thereof as to which it was affirmed. Thereafter the judgment was affirmed by the General Term of the Supreme Court, and a judgment of that court was duly entered. An execution was thereupon issued upon such judgment to the sheriff of the proper county, and the same was returned unsatisfied. The plaintiff, as the assignee of such judgment, brought this action against the defendants as sureties upon such undertaking for the purpose of recovering the amount of that judgment.

The defense is that Sourwine obtained the judgment as the trustee of an express trust for one Charles M. Reed, executor, and that Lynch had paid Reed, as executor, the amount of the judgment. The question is presented as to whether this defense is available in this action. The undisputed facts are, in substance, as follows: Sourwine was the agent of Charles M. Reed, executor, having charge of his real estate in the city of Buffalo; that, as such agent, he leased certain premises to Lynch. It was understood that the New York, Lackawanna & Western Railroad contemplated taking the property so leased for railroad purposes. Thereupon Lynch executed and delivered to Sourwine a paper, in and by which, for value received, he promised to pay Sourwine one-half of any damages received by him for the canceling of his lease. Subsequently the railroad company did institute proceedings to condemn the property, and in such proceedings Lynch was awarded the sum of $1,000 as damages for the taking of his leasehold interest in the premises. It was for the recovery of one-half of that sum that the judgment was obtained on which the undertaking on appeal was given.

Subsequent to the recovery of the judgment, and on or about the 11th day of March, 1884, the judgment was, for a valuable consideration, duly assigned by Sourwine to the plaintiff; and such assignment was, on the 21st day of November, 1884, duly recorded in the office of the clerk of Erie county, that being the county in which the judgment-roll was filed. Thereafter, and on the 22d day of July, 1885, Charles M. Reed, executor, acknowledged satisfaction of the

judgment so recovered by Sourwine. At the time of the payment of the judgment to him neither of the defendants or Lynch had notice of the assignment of the judgment to Seymour, other than that given by the recording of the assignment. Under these circumstances, it does not appear to us that the defendants are in a position to avail themselves of the defense interposed.

The agreement, as we have seen, was to pay Sourwine one-half of the damages received. The action to recover that amount was brought by Sourwine in his individual name, and not as agent. The question as to whether he was entitled to recover was one necessarily determined in that action. The defendants had notice of his recovery at the time they executed the undertaking, for the fact was recited in that instrument. The condition was that they were to pay the amount of the judgment if it was affirmed or the appeal dismissed. Therefore, upon the affirmance of the judgment, they were concluded, by their agreement to pay, from again bringing in question any issuable fact that was necessarily determined by the judgment which they had agreed to pay. (*Hill* v. *Burke*, 62 N. Y. 111–117; *Methodist Churches of New York* v. *Barker*, 18 id. 463; Freeman on Judgments, § 176.) Consequently the trial court, in this action, committed no error in holding that Sourwine had the legal title to the judgment at the time of its recovery.

Whilst the defendants, as sureties upon the undertaking, are bound by the record and facts necessarily determined by the judgment, which they agreed to pay, they are doubtless at liberty to put in issue, in this action, any question that was not necessarily determined in that action. They may show subsequent payment, and we are inclined to the opinion that they may also show that the judgment recovered by Sourwine was for the benefit of another; for that fact was not necessarily at issue in the former action. Sourwine, as the trustee of an express trust, could maintain the action without joining with him the person for whose benefit the action was prosecuted; and the contract, being in his name for the benefit of another, constituted him a trustee of an express trust. (Code

of Civil Pro. § 449.) Sourwine must, therefore, be treated
as the legal owner of the judgment at the time of its recovery,
but as holding such legal title for the benefit of Reed, as
executor of the Reed estate, for whom Sourwine was agent.
And, had the settlement been effected by the defendant with
Reed during the time that Sourwine was such legal owner, he
would doubtless have been bound by the settlement so made.
But Sourwine, as the legal owner of the judgment and agent of
Reed, had the power to sell and transfer the judgment for the
benefit of Reed, and it appears that this was done more than
a year before the settlement was made. Seymour, as attorney,
had prosecuted the former action under an arrangement with
Sourwine that he should have for his services one-half of the
recovery, upon the affirmance of the General Term. He paid
Sourwine the other half of the judgment and took an assign-
ment thereof, which, as we have seen, was recorded in the
office of the clerk of the proper county. It is contended that
the plaintiff was not a purchaser in good faith, for the reason
that he knew of Reed's interest in the judgment. This may
be, but he also knew that Sourwine was the agent of Reed,
and had the legal title of the judgment and the power to sell
and transfer it. There is no suggestion of any collusion
between him and Sourwine or of any disposition or intention
on the part of Sourwine to convert the money derived from
the transfer of the judgment to his own use. The evidence
in reference to his agreement as to compensation for prose-
cuting the former action and his evidence in reference to the
amount paid for the assignment of the judgment was compe-
tent for the purpose of showing that he paid full value
and was a purchaser in good faith. It consequently appears
that, upon the assignment of the judgment to Seymour, he
became the legal and equitable owner thereof, and Reed's
interest therein ceased and determined. So that, at the
time the settlement was made with Reed on behalf of the
defendants, he had no interest in the judgment, equitable or
otherwise. It is contended, however, that the defendants had
no actual notice of the assignment of the judgment to

Seymour, and that, consequently, they are protected in the settlement made. But the rule which they invoke does not extend to persons claiming to be beneficial owners. It only extends to those having the legal title. (*Brewster* v. *Carnes*, 103 N. Y. 556; *Trustees of Union College* v. *Wheeler*, 61 id. 88; *Bishop* v. *Garcia*, 14 Abb. [N. S.] 69.) Had payment been made to Sourwine in good faith, without notice of his assignment to Seymour, a different question would have been presented. But, when the defendants attempted to settle with some one other than the legal owner, in order to have the same effectual, the duty devolves upon them of showing that the person with whom the settlement was made at the time had the right to receive the payment and make the settlement. This they had failed to do; for it appears that at the time the settlement was made neither Reed nor his agent, Sourwine, had any interest in the judgment, legal or otherwise.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.