SIMONITSCH v. BRUCE et al.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1919.)

No. 5333.

1. JUDGMENT ☞423, 429—EQUITABLE RELIEF—GROUNDS.

It is not ground for equitable interference with a judgment that the defendant by his own act or omission failed effectually to avail himself of a defense, or that the court decided questions of law or fact erroneously.

2. JUDGMENT ☞407(1)—SUIT TO ENJOIN ENFORCEMENT—ADEQUATE REMEDY AT LAW.

An injunction will not be granted to restrain enforcement of a judgment at suit of a third person, on the ground that he will be liable over to the defendant therein, where the matter alleged as basis for the injunction would be available to complainant as a defense in an action against him.

3. APPEAL AND ERROR ☞1241—APPEAL BOND—ESTOPPEL OF SURETY TO DENY PRINCIPAL'S LIABILITY.

The surety on an appeal bond, conditioned for payment of the judgment, if affirmed, and one indemnifying such surety, are each concluded by the terms of the bond from denying the defendant's liability to pay the judgment.

Appeal from the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

Suit by B. Simonitsch against Alexander Bruce, administrator of H. H. Jenkins, deceased, the Northern Trust Company, Eva M. Jenkins, Hallett H. Jenkins, Jr., and L. L. Twichell, guardian of Hallett H. Jenkins, Jr. Decree for respondents, and complainant appeals. Affirmed.

This appeal is taken from a decree sustaining a motion to dismiss the plaintiff's bill and dismissing the case. The relief asked by the bill was an injunction against the collection of a sum adjudged to be due by a judgment of the county court of Cass county, N. D., upon the settlement of the accounts of an administrator, pursuant to a determination of the legal rights of the parties by the Supreme Court of that state. See Macfadden v. Jenkins, 169 N. W. 151. It appears from the plaintiff's bill that a partnership existed under the firm name of Ellsworth & Jenkins, the principal place of business being at Fargo, N. D. The members of the partnership were J. H. Ellsworth and H. H. Jenkins, each having an equal interest, and its chief business was the ownership and management of lands and dealing in mortgage securities. Ellsworth was a nonresident partner, and, pursuant to an agreement to dissolve the partnership and to wind up its affairs, Jenkins had been for several years endeavoring to close up its transactions. Before this was fully accomplished, Jenkins died. Macfadden was appointed as his administrator by the county court of Cass county, N. D. Jenkins died intestate. His heirs were a widow and a posthumous son. A guardian was appointed for the son by the proper probate court. Under the laws of North Dakota a surviving partner succeeds to all of the partnership property in trust for the purpose of liquidation and the interest of the deceased partner in the ultimate distribution of the partnership assets passes to those who succeed to his other personal property. Sections 6425, 8711, 8717, Compiled Laws North Dakota 1913. Notwithstanding these statutory provisions, the administrator proceeded upon the theory that he should manage and dispose of Jenkins' share of the partnership property. Ellsworth was not active in managing the affairs of the firm, the property belonging to it was somewhat incumbered, and the property was not then readily salable. The widow and the guardian agreed that it was for the best

interests of the estate that a corporation then known as the Ellsworth Jenkins Company, but since known as the Ellsworth Land Company, and hereafter called the Ellsworth Company, be requested and induced to purchase Ellsworth's interest in the partnership property. The stockholders of this Ellsworth Company were the plaintiff, who owned a majority of the stock, the widow of Jenkins, and Macfadden, the administrator of Jenkins. The widow, the child's guardian, and the administrator requested and induced the Ellsworth Company to purchase Ellsworth's share in the partnership property, and he made a transfer of his interest accordingly to the Ellsworth Company. Shortly thereafter the Ellsworth Company entered into negotiations looking to the purchase of the Jenkins interests in the partnership estate.

It is alleged that it was agreed between the administrator, the widow, the guardian, and the Ellsworth Company, represented by the plaintiff in this transaction, that the Ellsworth Company should buy from the administrator what was supposed to be the Jenkins undivided half of the partnership property, and thereafter it should manage all of the property and should account to the Jenkins heirs for any profits accruing, as if the heirs had continued to be the owners of such share. In accordance with this arrangement the administrator sold at private sale to the Ellsworth Company an undivided half of the personal and real property. The Ellsworth Company then continued the management of the property for several years. An accounting by the administrator was then demanded in the probate court, and the widow and guardian made claim that the Ellsworth Company was disqualified from purchasing Ellsworth's share in the partnership assets because Macfadden, the administrator, was also a stockholder and director in the Ellsworth Company. After an order was entered, an appeal was taken to the District Court, and that court decided that Macfadden was liable in a large amount to Jenkins' estate, because all the property the Ellsworth Company had purchased, both from Ellsworth and from Macfadden, as administrator, was, as a matter of law, purchased for the benefit of the estate. This decision was modified and affirmed by the Supreme Court in the case heretofore cited, and a final order has been made by the county court in pursuance thereof, directing Macfadden to pay over to Bruce, his successor in the administration, the amount found due. It is averred that Macfadden is not financially responsible, but that the Northern Trust Company, the surety on his bond as administrator, intends to pay the amount found due to Bruce, as administrator, unless it is enjoined from doing so. After the decision by the District Court against Macfadden, and in order that he might appeal to the Supreme Court, the Ellsworth Company and the plaintiff procured the Northern Trust Company to execute a supersedeas bond on behalf of Macfadden, and indemnified it against loss by reason of its execution of such a bond. Some time before this bill was filed the Ellsworth Company sold and conveyed all its property, accounts, and rights of action to the plaintiff, and the plaintiff assumed all of the debts and obligations of the corporation. The plaintiff avers that Macfadden, while administrator, paid all the claims against the Jenkins estate, except two claims held by the widow, and that he turned over to the new administrator property of the estate much exceeding in value the amount due to the widow on these claims. From the decree dismissing the bill, an appeal is prosecuted by the plaintiff.

Edward Engerud, of Fargo, N. D. (Engerud, Divet, Holt & Frame and Fowler & Green, all of Fargo, N. D., and Ueland & Jerome, of Minneapolis, Minn., on the brief), for appellant.

E. T. Conmy, of Fargo, N. D. (Watson, Young & Conmy, of Fargo, N. D., on the brief), for appellees.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge (after stating the facts as above). [1] The foundation of plaintiff's claim, as made in his argument and as

claimed in his bill, is that the Northern Trust Company, as surety on Macfadden's bond, as soon as it pays the amount found due by the county court's decree, will become subrogated to whatever rights Macfadden has against the Ellsworth Company. It is said that Macfadden was held to be liable to the estate, because he permitted the Ellsworth Company to acquire the property of the estate, and that, if he or his surety must pay its value to the estate, then the Ellsworth Company, as the recipient of the property, is liable to reimburse him. On this hypothesis plaintiff contends that he, as the purchaser of all the property of the Ellsworth Company and having assumed all of its obligations, will in fact be the one ultimately liable to pay the amount found due to Bruce. He claims an estoppel against the widow, the guardian, and the present administrator, because the widow, the guardian, and the former administrator agreed to and induced the purchase by the Ellsworth Company of the property from Ellsworth and from Macfadden, as administrator, and therefore that the widow, the guardian, and the new administrator may not now assert that that corporation did not lawfully acquire the property. It is obvious that the availability of this defense on the part of Macfadden was a matter for the consideration of the state courts of North Dakota, when Macfadden was called upon to account to the estate, and that the final judgment rendered against him may not be reviewed in this proceeding to determine the correctness of the conclusions on which it was based. No fraud, accident, or mistake is alleged as a ground for avoiding that judgment. It is not a ground for equitable interference with a judgment that a defendant by his own act or omission failed effectually to avail himself of a defense at law, or that the court decided a question of law or fact erroneously. 4 Pom. Eq. Jur. 1361; Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013; Hendrickson v. Hinckley, 17 How. 442, 15 L. Ed. 123; Walker v. Robbins, 14 How. 584, 14 L. Ed. 552; Creath's Administrator v. Sims, 5 How. 192, 12 L. Ed. 111; Embry v. Palmer, 107 U. S. 3, 2 Sup. Ct. 25, 27 L. Ed. 346.

The plaintiff contends that, as he was not a party to that suit, he is not concluded by the adjudication, and that he may assert this claim of estoppel against the widow, guardian, and present administrator, because, as successor of the Ellsworth Company and guarantor of its obligations, he will be obliged to respond to any claim against it.

[2] The theory of plaintiff's bill is that the widow, the guardian, and the new administrator are estopped to claim that there was an invalid purchase by the Ellsworth Company, that that defense has not been availed of by the Ellsworth Company in any litigation to which it was a party, and that it would have been a complete defense for Macfadden, if he had presented it in the suit against him. If this theory is well founded, and it is the only one presented by the bill, then the plaintiff is not entitled to an injunction, because if there shall be a suit brought by Macfadden or his surety against the plaintiff as the successor of the Ellsworth Company he can urge this claim of estoppel, and if it would have been a sufficient defense in the suit against Macfadden it will be a sufficient defense in a suit by Macfadden or his

successor in interest against the plaintiff. An injunction is not granted as a matter of course, but only in the sound discretion of the court, when necessary to prevent irreparable injury, for which there is no adequate remedy at law, and not to enforce a right that is doubtful, or to prevent an act the injurious consequences of which are doubtful. Parker v. Winnipiseogee Lake Cotton & Woollen Co., 67 U. S. (2 Black) 545, 17 L. Ed. 333; Consolidated Canal Co. v. Mesa Canal Co., 177 U. S. 296, 20 Sup. Ct. 628, 44 L. Ed. 777; Parcher v. Cuddy, 110 U. S. 742, 4 Sup. Ct. 194, 28 L. Ed. 312; Bliss v. Washoe Copper Co., 186 Fed. 789, 109 C. C. A. 133; Hunnewell v. Cass County, 22 Wall. 464, 22 L. Ed. 752.

On the theory presented by plaintiff's bill he needs no injunction against the enforcement of the final judgment against Macfadden, in order to protect his rights as the successor to the property and obligations of the Ellsworth Company, so that he may present this defense of estoppel.

[3] There is another reason why plaintiff is not entitled to enjoin the collection of the judgment against Macfadden. He voluntarily indemnified the surety on the appeal bond given by Macfadden when the appeal was taken to the Supreme Court of North Dakota. He thereby agreed that he would pay the judgment against Macfadden, if it was affirmed. The surety on the bond and the plaintiff, as the surety's surety, are each concluded by the terms of the bond from questioning the liability of Macfadden to pay the judgment resulting in that case. Stovall v. Banks, 77 U. S. (10 Wall.) 583, 19 L. Ed. 1036; Wm. W. Bierce, Ltd., v. Waterhouse, 219 U. S. 321, 31 Sup. Ct. 241, 55 L. Ed. 237; Commonwealth of Pennsylvania v. Fidelity & D. Co. (C. C.) 180 Fed. 292; Seymour v. Smith, 114 N. Y. 481, 21 N. E. 1042, 11 Am. St. Rep. 683; Krall v. Libbey, 53 Wis. 292, 10 N. W. 386; Freeman on Judgments, §§ 176, 180; 4 Corp. Jur. 1269. In the case of Stovall v. Banks, supra, the court said:

"It has been argued on behalf of the defendants in error that the decree of the superior court, if admitted, would have been only prima facie evidence against the sureties in the bond. Were that conceded, it would not justify the exclusion of the evidence. But the concession cannot be made. The decree settled that the administrator of the intestate, Alfred Eubanks, held in his hands sums of money belonging to the equitable plaintiffs in this suit, as distributees of the intestate's estate, which he had been ordered to pay over by a court of competent jurisdiction, and the record established his failure to obey the order. Thereby a breach of his administration bond was conclusively shown. Certainly the administrator was concluded; and the sureties in the bond are bound to the full extent to which their principal is bound. A principal in a bond may be liable beyond the stipulations of the instrument, independently of them; but so far as his liability is in consequence of the bond, and by force of its terms, his surety is bound with him. There may be special defenses for a surety arising out of circumstances not existing in this case, but, in their absence, whatever concludes his principal as an obligor concludes him. He cannot attack collaterally a decree made against an administrator, for whose fidelity to his trust he has bound himself."

These conclusions require an affirmance of the decree, and an order to that effect will be entered.