## HERMAN GOODMAN *vs.* JACOB ZITSERMAN.

### JULY 1, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(*1*)   *Assignment of Chose in Action.   Notice.   Payment.*

After an assignment of a chose in action the assignee is the equitable owner of the debt and he may enforce his right to recover the same in assumpsit by suing in the name of the assignor, and it is not necessary that the debtor admit the validity of the assignment of which he has notice. He cannot prejudice the right of an assignee by paying a bill to the assignor after notice.

(*2*)   *Assignment of Chose in Action.   Payment.*

Where a debtor claims the right to have paid the assignor of a chose in action, after notice of the assignment, as agent for collection by the terms of the assignment, the duty of establishing assignor's agency to collect at time of payment, rests upon debtor.

(*3*)   *Assignment of Chose in Action.   Evidence.*

Where a debtor had received notice of the assignment of a chose in action, evidence of a bill received from assignor and proof of payment to him, was properly rejected.

ASSUMPSIT.   Heard on exceptions of defendant and overruled.

BARROWS, J.   This case is before us on exceptions of the defendant to the action of the trial court refusing certain evidence and directing a verdict for plaintiff for $100.60. The action was assumpsit brought by one Herman Goodman, trading as the Goodman Clothing Co., for the benefit of the Guaranty Co. of Maryland against Jacob Zitserman, trading as the Crown Clothing Co. of Providence.

October 26, 1921, Zitserman bought of Goodman a bill of merchandise amounting to $81. Goodman assigned this and other accounts to the Guaranty Co. on November 3.

December 15 the Guaranty Co. notified Zitserman of the assignment (Exhibit 3). By a clause in the original assignment Goodman was given authority to collect any of the assigned accounts solely as agent for the Guaranty Co. There is no evidence that Zitserman ever saw the original assignment or a copy thereof or knew of the existence of this agency when he attempted to pay the bill to Goodman. The notification to Zitserman of December 15 contains in red ink a notice that the account had been sold to the Guaranty Co. to whom all payments were to be made; that unless Zitserman paid direct to the Guaranty Co. and to *no other* he would not be released and if payment were made to another he might be subjected to double payment. Zitserman denied receipt of the above notice but admitted receiving notice by letter that the account had been assigned to the Guaranty Co. He says the notice was in the form of a letter rather than by Exhibit 3. He did not produce a copy of the letter and plaintiff claimed that no letter had been written other than Exhibit 3. Other correspondence passed between the Guaranty Co. and Zitserman in which the latter declined to recognize the assignment unless so directed by Goodman and the Guaranty Co. told Zitserman that it would recognize payment to no one except itself. On February 23, 1922, the bill having become due the Guaranty Co. demanded payment from Zitserman to which he replied that he owed this money to Goodman and would not pay the Guaranty Co. without a written order from Goodman.

Zitserman offered also to show in evidence a bill from the Goodman Clothing Co. sent direct to him on March 4 and his payment of this bill directly to said company on March 6, the check showing payment to Goodman. These offers were ruled out and Zitserman's exceptions saved. The other exceptions to refusal of evidence are governed by the same rules that control the two refusals just mentioned.

The questions raised are: (1) Is payment to a creditor by a debtor on book account after notice that the claim has

been assigned a defense to an action brought in the creditor's name for the benefit of the assignee? (2) Under the circumstances of this case, was there evidence for the jury that on March 6 Goodman was agent to collect this bill for plaintiff? (3) Was the proffered evidence properly rejected?

(1)    Originally a chose in action was not assignable but today its assignability is generally recognized. After an assignment the assignee is the equitable owner of the debt and the law has long enforced his right to recover the same in assumpsit by suing in the name of the assignor. *Clarke* v. *Thompson*, 2 R. I. 146; *Tucker* v. *Providence and Worcester R. R. Co.*, 18 R. I. 322; *Westminster Bank* v. *Atherton*, 24 R. I. 334. It is not necessary that the debtor admit the validity of the assignment of which he has notice. *Palmer* v. *Palmer*, 112 Me. 149. He can not prejudice or foreclose the right of an assignee by paying a bill to the assignor after notice. 5 C. J. 960. Therefore Zitserman after notice that the account had been assigned lawfully could not decline to acknowledge the validity of the assignment unless informed thereof by Goodman, and payment made direct to Goodman was at Zitserman's peril. *St. Johns* v. *Charles*, 105 Mass. 262.

(2)    Zitserman now urges that even if payment after notice of an assignment would not ordinarily be a defense it was a valid payment in this instance to Goodman as agent for collection created by the terms of the assignment. This claim was not raised in the lower court. It is without merit. If defendant is to be credited by reason of payment to Goodman the duty of establishing Goodman's agency to collect at the time of payment rested upon Zitserman. *Seymour* v. *Smith*, 114 N. Y. 481; *Woodings, Ex'x.* v. *Bradleys, Ex'x.* 76 Va. 614. He offered no such evidence. In fact there is no evidence that he knew it when he paid Goodman and he certainly made no claim of settlement by reason of payment to Goodman as agent of the Guaranty Co. His whole defense was based upon refusal to recognize

the assignment.   In spite, however, of Zitserman's erroneous claim if Goodman was in fact the agent at the time of payment even though such fact were unknown to Zitserman the payment of this bill to Goodman would have settled the account.   Was there evidence for the jury of existing agency at the time of payment?   The only evidence that agency ever existed was the original assignment.   Whatever may have been the fact in regard to other accounts the undisputed evidence shows that Goodman's agency had ceased to exist as to this one prior to payment by Zitserman.   The testimony was that the Guaranty Co. was informed of Goodman's financial difficulties about December 15 and that at once in order to protect itself it sent notice to Zitserman to pay the account to *no one* other than the Guaranty Co.   From the terms of this notice the only inference to be drawn is that the Guaranty Co. no longer recognized Goodman as its agent to collect.   It never had held out to Zitserman that Goodman possessed such right and even if Zitserman did not receive Exhibit 3 his payment could not have been in reliance upon any agency real or ostensible. The correspondence between the Guaranty Co. and Zitserman, starting February 21 and prior to March 6, notified the latter in unmistakable terms to pay the bill only to the Guaranty Co.   At the time of the payment with no knowedge on Zitserman's part that an agency to collect ever existed and with the notice admittedly received by him to pay direct to the Guaranty Co., the court would not have been warranted in submitting to the jury a question whether Goodman was at the time of payment the actual or ostensible agent to receive same for the Guaranty Co.   The verdict for the plaintiff was properly directed.

(3)    In the light of the law as above defined, the offers of a bill from Goodman and proof of payment to him after notice of the assignment were immaterial and were correctly rejected. The other rejected offers of evidence were likewise immaterial and properly ruled out.

The exceptions of the defendant are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Murdock & Tillinghast, John A. Tillinghast,* for plaintiff.
*Frank H. Wildes,* for defendant.